DECISION
On February 26, 1999, the plaintiff Retirement Board, by its attorneys, served upon the defendant Requests for Admissions pursuant to Rule 36 of the Superior Court Rules of Civil Procedure. The defendant Edward D. DiPrete, by his counsel, filed on March 17, 1999, with this Court, his Objection to Plaintiff's Requests for Admissions. Both parties filed with this Court legal memorandum to support their respective positions. Further, on March 18, 1999, this Court heard oral arguments by counsel in support of their respective positions.
This is a pension revocation action pursuant to Rhode Island General Laws 36-10.1-3. The law, as enacted by the legislature, delineates the responsibility of the Superior Court in deciding such an action.
Specifically, 36-10. 1-3 (c)(2) states:
 (i) The fact that the allowance of retirement or other benefits or payments for service under this title, under title 16, under title 45, under title 8, under chapter 30 of title 28, under chapter 43 of title 31, and under chapter 28 of title 42 presumes and requires that the service shall have been honorably rendered;
 (ii) The severity of the crime related to public office or public employment of which the public official or public employee has been convicted or to which the public official or public employee has pled guilty or nolo contendere;
 (iii) The amount of monetary loss suffered by the public official's or public employee's employer or by any other person as a result of the subject crime related to public office or public employment;
 (iv) The degree of public trust reposed in the subject public official or public employee by virtue of his or her public office or public employment; and
 (v) Any such other factors as, in the judgment of the superior court, justice may require.
Thus, the severity of the crime and the amount of monetary loss are essential factors for the Court to consider. The 36 admissions, when examined collectively and individually, do not offend any constitutional, statutory or due process rights of the defendant. Clearly, the admissions are directed to the defendant's plea before Mr. Justice Darigan on December 11, 1998. The admissions requested call for a simple Yes or No answer. The defendant's objection to plaintiff's Request for Admissions is denied and his motion for protective order also is denied.